# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Family Health Chiropractic, Inc., | ) | CASE NO: 5:14CV995 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| MD On-Line Solutions, Inc., et al., | ) | (Resolving Doc. 19) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendants' motion to dismiss the complaint (Doc. 19).   Plaintiff Family Health Chiropractic ("FHC") has opposed the motion and Defendants have replied.  The motion to dismiss is DENIED.

## I.  Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

> in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## II.  Analysis

In their motion, Defendants contend that FHC lacks standing to pursue the complaint any further.  Specifically, Defendants contend that they made an offer that fully satisfied FHC's demand and that the offer was made prior to any motion for class certification.  As a result, Defendants contend that FHC no longer has a personal interest in the subject matter of this suit and it must be dismissed.  The Court disagrees.

In support of their motion, Defendants rely upon *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009) and *Hrivnak v. NCO Portfolio Mgmt., Inc.* 719 F.3d 564 (6th Cir. 2013).  However, neither case supports dismissal.  Specifically,

2

*Hrivnak* never reaches the issue of whether a class action may become moot through an offer of judgment. Instead, the *Hrivnak* Court concludes that the named plaintiff's full demand was not satisfied, so it never passed on the issues surrounding the class claims. Similar, *O'Brien* also was not required to address the issue presented herein in a class action setting. Dicta from *O'Brien*, however, suggests that the Sixth Circuit would not adopt the argument proposed by Defendants. *O'Brien*, 575 F.3d at 575. ("Contrary to the *Sandoz* plaintiff, the … plaintiffs [herein] did not purport to bring a collective action, so we are not concerned that [they] have been picked off by defendants to avoid the onslaught of a putative collective action."). At a minimum, the *O'Brien* dicta suggests that the Sixth Circuit would look more closely if defendants were attempting to "pick off" a named plaintiff to avoid "the onslaught" of a class action.

In the instant matter, there is no question that Defendants are in fact attempting to pick off a named plaintiff to avoid that onslaught. "Although courts are somewhat more divided about the effect of a Rule 68 offer *before* a class-certification motion has been filed, most have endorsed the view that the settlement offer will not moot the named plaintiffs' claims so long as the plaintiffs have not been dilatory in bringing their certification motion. *See e.g., Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir.2004); *Harris v. Messerli & Kramer*, P.A., No. 06–CV–4961, 2008 WL 508923, at *2–3, 2008 U.S. Dist. LEXIS 6, *6–9 (D.Minn. Jan. 2, 2008); *Jenkins v. General Collection Co.*, 246 F.R.D. 600, 603 (D.Neb.2007); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 111 (S.D.N.Y.2001) (collecting cases)." *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (2008). Under the facts, this Court finds itself in

agreement with the reasoning espoused by my colleague in the Southern District of Ohio

in *Stewart*.

First, if it were otherwise—if the putative class representatives' claims could be mooted by a settlement offer tendered before the certification motion is filed—each side will endeavor to beat the other to the punch. Plaintiffs will be forced to swiftly file their certification motions, possibly before completing class-related discovery, in order to maintain their claims. Defendants, on the other hand, will race to make their settlement offers before plaintiffs file their certification motions.

Second, treating pre-certification settlement offers as mooting the named plaintiffs' claims would have the disastrous effect of enabling defendants "to essentially opt-out of Rule 23." Defendants could pay a small amount to settle the named plaintiffs' claims and thereby avoid paying a much bigger recovery to the putative class of aggrieved persons. Such a development would eviscerate Rule 23. No longer would it provide an efficient mechanism for the adjudication of numerous small-value claims, nor would its deterrence function have much force. This is so because once the original named plaintiffs had been "picked off" by the defendants, new named plaintiffs would have to step up to file new class cases. The defendants could pay them off as well, and so it would go, with the defendants avoiding class-wide liability, and steadily dampening the interest of putative class representatives in bringing such suits.

Next, with Rule 23 cast aside, those who have been harmed will be forced to file individual suits to obtain redress. In the vast majority of cases, the economic infeasibility of individual actions (which accounts for the existence of Rule 23 in the first place) will likely prevent them from ever coming about. But, assuming that even a few of the thousands or tens of thousands of class members are driven to hire their own lawyers and take on the defendant, the courts will be forced to contend with multiple, largely identical lawsuits, thereby wasting judicial resources. Litigant resources too will be unnecessarily expended as lawyers duplicate one another's efforts and clients are forced to bear heavier costs than they would have had the expenses been spread among all members of a class of similarly harmed individuals..

Finally, Rule 68 offers of judgment prior to class certification pit the self interests of named plaintiffs against the interests of the class as a whole. This is the case because Rule 68 contains a cost-shifting provision, whereby if the plaintiff's ultimate recovery is less than what the defendant offered, the plaintiff must pay the costs the defendant incurred after the plaintiff rejected its Rule 68 tender. Courts have reasoned that putative class representatives cannot be forced to accept Rule 68 offers because

contrary to their duty to litigate the case in the best interests of the class, the putative representatives would be compelled "to weigh [their] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class."

*Id.* (citations omitted).  For these reasons, the Court declines to find that the pre-class certification offer may operate to moot the entire complaint.  Accordingly, the motion to dismiss is DENIED.

### III.        Conclusion

Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

August 29, 2014                              _____/s/ Judge John R. Adams_____
Date                                        JUDGE JOHN R. ADAMS
                                            UNITED STATES DISTRICT COURT

5